**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | NO. 6:07-CR-63 |
| WILLIAM RICHARD DUBOSE | § | |

**REPORT AND RECOMMENDATION ON PETITIONS FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 26, 2015, in the above numbered case, alleging that the Defendant, William Richard Dubose, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Dubose was sentenced on November 6, 2007, before The Honorable Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of a Minor, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 120 months. Dubose was subsequently sentenced to 97 months' imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment.

The defendant shall comply with any federal, state, or local registration law for offenders convicted of sexual crimes. The defendant shall be responsible for any costs associated with those registration laws.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.

The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C., Section 2256(2).

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

The defendant shall allow the U.S. Probation Office to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations.

The defendant will pay any costs related to the monitoring of his/her computer usage. The defendant shall advise anyone in his/her household that any computer in the household may be subject to computer monitoring.

The defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software.

The defendant shall disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed

necessary by the probation office to monitor the defendant's computer usage. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

## II. The Period of Supervision

On August 21, 2014, Dubose completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on February 26, 2015, alleging the following violations:

Allegation 1: Dubose submitted a monthly supervision report for the month of January 2015. On this particular report, Dubose reported that no one other than himself was residing at his residence. During a home visit on February 25, 2015, Mr. Dubose admitted that he has been allowing a minor child to live at his residence since approximately the last week of January 2015.

Allegation 2: On February 24, 2015, during the sex offender counseling session at Pathways Forensic, Dubose denied having any contact with minors. Mr. Dubose further denied having access to computers. On February 25, 2015, during the course of a home visit with Dubose, he was questioned regarding the length of time that a minor child had been living at his residence. Initially, Dubose was adamant that the minor child and her parents had only been living with him for about (3) days. However, as the U.S. Probation Office continued to observe items in the house, and notably a Valentines Day card on the refrigerator, Dubose was further questioned,

and he finally admitted that he had allowed the minor child and her parents to move into his residence during the last week of January 2015.

Allegation 3: Dubose has been unemployed since his term of supervised release began on August 21, 2014.

Allegation 4: Dubose has failed to successfully participate in sex offender treatment by not disclosing to the U.S. Probation Office, nor the sex offender treatment provider, that he had allowed a minor child to live at his residence since approximately the last week of January 2015. Dubose admitted to the U.S. Probation Office on February 25, 2015, that he purposefully bypassed the U.S. Probation Office and the treatment provider because he knew permission would not be granted for the minor child to live at his residence.

Allegation 5: By Dubose's own admission, he has allowed a minor child to live at his residence since approximately the last week of January 2015. Neither the U.S. Probation Office nor the sex offender treatment provider authorized these living arrangements.

## IV. Proceedings

On March 3, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the third allegation that he violated a standard condition of supervised release, to wit: the Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of five (5) months' imprisonment with a four year term of supervised release to follow, which includes a six (6) month term of community confinement as a condition of supervised

release. The undersigned also recommends that the Federal Correction Complex in Forest City, Arkansas be designated as the facility to serve this sentence.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to be employed as required, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to be employed or excused by his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release in each petition.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is a I. Policy guidelines suggest 3 to 9 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violations. The undersigned also recommends the Federal Correction Complex Forest City, Arkansas be designated as the facility to serve this sentence.

## VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by failing to work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reason.
.
2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The undersigned recommends that the court impose a sentence of five (5) months' imprisonment with a four year term of supervised release to follow, which includes a six (6) month term of community confinement as a condition of supervised release.[1]

4. The undersigned also recommends that the Federal Correction Complex in Forest City, Arkansas be designated as the facility for the Defendant to serve this sentence.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 12th day of March, 2015.

_____
Zack Hawthorn
United States Magistrate Judge

---

[1] The other recommended conditions of supervised release were orally pronounced at the final hearing.