IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:07-CR-63-JDK |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| WILLIAM RICHARD DUBOSE (1) | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On February 14, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of a Minor, a Class C felony, Defendant William Richard Dubose was sentenced on November 6, 2007 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 120 months. Defendant was sentenced to 97 months of imprisonment to be followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include sex offender registration, financial disclosure, sex offender treatment and testing, no contact with minors, restrictions from pornography, a search condition, computer monitoring software, and portable electronics restriction.

Defendant completed his term of imprisonment and started his term of supervised release on August 21, 2014. Defendant's supervised release was revoked on April 8, 2015 and he was sentenced to 5 months of imprisonment followed by 4 years of supervised release. Defendant completed his term of imprisonment and started his term of supervised release on July 29, 2015. The conditions were modified on January 13, 2017 to include placement in a residential reentry center. The conditions were modified again on April 17, 2018 to include 36 hours of community service. The case was reassigned to United States District Judge Jeremy Kernodle on March 22, 2019. Defendant's supervised release was again revoked on April 4, 2019 and he was sentenced to 7 months of imprisonment followed by 3 years of supervised release. The conditions of release were modified on June 26, 2019 to include placement in a residential reentry center. On April 28, 2020, Defendant was released from the residential reentry center.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 12, 2021, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition): The defendant must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating via modem, wireless, or dedicated connection. The defendant must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.** It is alleged that during a routine home inspection on September 28, 2021, a cellular flip phone with internet capability was discovered in Defendant's possession by the probation officer. A visual inspection of the phone by the probation officer indicated a secured Wifi connection had been accessed on the phone, and Defendant admitted to using the cell phone to access the internet on multiple occasions without authorization since July 2021.

2. **Allegation 2 (special condition): The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. The defendant must provide the probation officer with access to any requested financial information to determine if he has purchased, viewed or possessed sexually explicit material.** It is alleged that Defendant admitted on September 28, 2021 to using a cellular flip phone with internet capability to view and download online media depicting sexually explicit material, or pornography, on multiple occasions since July 2021. A visual inspection of the phone by the probation officer indicated approximately 3 to 5 pornographic videos downloaded to the phone. Defendant verbally confirmed at least 3 but no more than 5 pornographic videos were downloaded to the phone.

3. **Allegation 3 (special condition): The defendant must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor his compliance, treatment progress, and risk to the community. The defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. The defendant must pay any costs associated with treatment and testing. Should the defendant fail to pay as directed, he must perform 3 hours of community service for each unpaid session.** It is alleged that Defendant was unsuccessfully discharged from sex offender treatment by the treatment provider on September 30, 2021 for failing to comply with treatment rules.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing a controlled substance as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

### *Hearing*

On February 14, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 9 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 9 months of imprisonment with no further supervised

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 9 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 9 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 14th day of February, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE